941 F.2d 1211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenny Ray WADE, Defendant-Appellant.
 No. 90-5934.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1991.
 
 Before BOGGS, Circuit Judge, LIVELY, Senior Circuit Judge, and WEBER, District Judge*.
 PER CURIAM.
 
 
 1
 The appellant, Kenny Ray Wade, was convicted of possession of cocaine with the intent to distribute and carrying a firearm in relation to a drug traficking offense, and sentenced to 78 months of imprisonment. He challenges the sufficiency of the evidence on both the possession charge and the firearm charge. He also challenges a two-level enhancement under the Sentencing Guidelines for obstruction of justice. After due consideration, we affirm both the conviction and sentence.
 
 
 2
 * On the night of October 26, 1989, two Memphis, Tennessee, police officers, Frankie Bermudis and Joe Benya, were patrolling in an unmarked van. At about 7:00 p.m., they observed Wade sitting in his car, beside a stop light. The police officers were aware that Wade had had his drivers' license suspended, and they therefore called for a marked car to arrest him.
 
 
 3
 Apparently, the recognition was mutual. When Wade saw Bermudis and Benya, he fled. A marked police car took up the chase. Wade took evasive action, but Benya and Bermudis were able to cut him off. Consequently, Wade parked his car at an apartment complex, and continued his flight on foot. Apparently, the walkways and stairwells of this apartment building are not enclosed. Bermudis remained on the ground, where he was able to observe Wade, and Benya took up the chase on foot. Wade tried to enter at least one apartment, but failed. Benya chased Wade until he reached the top floor. At this point, Wade, from a "breezeway" between two of the buildings, threw a small object off into space. Benya saw him throw the object, and he followed it with his eyes until it landed on the roof of an adjoining building. Benya only lost sight of the object thrown by Wade after it landed.
 
 
 4
 Wade then continued to flee, this time running down another set of stairs. When he reached to bottom of the stairwell, the police (including reinforcements who had arrived during the course of the pursuit) managed to apprehend him after a short scuffle. The police found, in his right rear pocket, a loaded .25 caliber pistol. In addition, the police found $665 in cash in his pocket.
 
 
 5
 After securing Wade, Officer Benya climbed to the roof of the nearby building where the object thrown by Wade had landed. The bag contained a white powder identified as cocaine. The cocaine was valued at approximately $1,300. The weight of the entire parcel, including the small plastic bag, was 13 grams. The jury could infer from the testimony that the bag was fairly small and light.
 
 
 6
 Wade was charged with possession of cocaine with the intent to distribute and with carrying a firearm during the commission of a drug traficking offense. Wade was convicted on both counts. Wade was sentenced to 18 months of imprisonment on the possession count, and five years of imprisonment (the statutory minimum) on the gun count. The court determined Wade's sentence on the possession count by ascertaining that Wade's criminal history category was II, and that his offense level was fourteen, yielding a sentencing range of 18 to 24 months.
 
 II
 
 7
 Wade initially argues that the evidence was not sufficient, as a matter of law, to support his conviction because there was no direct evidence of intent to distribute. This argument, if accepted, would have the effect of knocking out the gun conviction also, because 18 U.S.C. § 924(c)(1) requires an underlying drug trafficking offense.
 
 
 8
 It certainly is true that there was no direct evidence that Wade had the intent to distribute. Intent can, however, be inferred from the quantity of cocaine. United States v. Franklin, 728 F.2d 994, 998 (6th Cir.1984). The government's evidence, if believed, demonstrated that the defendant had approximately 13 grams of cocaine worth, according to the government, approximately $1,300. In United States v. Clark, 928 F.2d 733 (6th Cir.1991), we upheld a conviction under similar circumstances. In that case, Connie Clark was arrested with 21.73 grams of crack cocaine while Clifton had 4.98 grams of cocaine on his person, and 11.96 grams were possessed jointly. Those defendants had somewhat more than twice as much cocaine as did Wade. There were, however, two defendants, so the amount of cocaine per defendant was roughly the same as here, suggesting that the likelihood of possession for personal use would be about the same in each case. Although possession of 13 grams of cocaine might itself be insufficient, standing alone, we have here the additional evidence of the large amount of cash in Wade's pocket (see id. at 737) and the gun found on Wade's person. Ibid. Circumstantial evidence need not remove every reasonable hypothesis except that of guilt. United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984).
 
 
 9
 Wade's other argument is that he did not "use" the firearm. In fact, however, 18 U.S.C. § 924(c)(1) says "uses or carries," not "uses and carries." The term is disjunctive. A gun need not be used, so long as it is carried. "Ready availability" is enough to demonstrate a relationship between carrying and the drug trafficking offense. See United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 110 S.Ct. 255 (1989).
 
 III
 
 10
 Next, Wade takes issue with the court's two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1 provides for a two-level enhancement for one who obstructs or impedes an investigation, or attempts to do so. Application note 3(d) provides that "if such conduct occurs contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." We are not bothered by the fact that the application note did not become effective until after sentencing. We have held that a clarifying application note is given substantial weight in determining the meaning of a guideline, even where the note is enacted after the date of sentencing. See United States v. Luster, 889 F.2d 1523, 1529 (6th Cir.1989).
 
 
 11
 However, even considering the application note, the court's ruling was not clearly erroneous. In this case, unlike the example in the application note, we have a nearly effective attempt to throw away the drug, as well as flight. See United States v. Franco-Torres, 869 F.2d 797 (5th Cir.1989). Although it turned out that officer Benya was hot on Wade's heels, and thus able to observe the path of the discarded drugs, Wade could easily have eluded the police for long enough to toss the small bag away so that it never could be found--or, if found, could never be connected with Wade. Indeed, Wade's entire path--up one set of stairs and down another, into the arms of the police--could be construed as an attempt to accomplish such a result.
 
 IV
 
 12
 Wade's conviction and sentence is, therefore, AFFIRMED.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation