RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0065P (6th Cir.)
File Name: 02a0065p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
     _Plaintiff-Appellee,_

     _v._

ELMER J. HAYWOOD,
     _Defendant-Appellant._

No. 99-4488

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 98-00789—James G. Carr, District Judge.

Submitted: September 14, 2001

Decided and Filed: February 21, 2002

Before: DAUGHTREY, GILMAN, and GIBSON, Circuit
Judges.*

_____

**COUNSEL**

**ON BRIEF:** C. Mark Pickrell, Nashville, Tennessee, for
Appellant. Thomas A. Karol, ASSISTANT UNITED
STATES ATTORNEY, Toledo, Ohio, for Appellee.

_____

    *The Honorable John R. Gibson, Senior Circuit Judge of the United
States Court of Appeals for the Eighth Circuit, sitting by designation.

1

GILMAN, J., delivered the opinion of the court, in which DAUGHTREY, J., joined. GIBSON, J. (pp. 18-21), delivered a separate dissenting opinion.

───────────────

**OPINION**

───────────────

RONALD LEE GILMAN, Circuit Judge.    Elmer J. Haywood was indicted and convicted on one count of possession with the intent to distribute 18 grams of crack cocaine on August 1, 1997.  As part of its proof that Haywood intended to distribute the crack cocaine allegedly in his possession on that date, the government offered evidence that Haywood was subsequently arrested for possessing 1.3 grams of crack cocaine on December 21, 1997.  Haywood objected to the admission of this evidence, arguing that it was both irrelevant and unfairly prejudicial.    The district court overruled his objection.  For the reasons set forth below, we **REVERSE** Haywood's conviction and **REMAND** the case for a new trial.

## I.  BACKGROUND

### A.  Factual background

This case arises from Haywood's alleged sale of crack cocaine to a government informant on August 1, 1997.  The Federal Bureau of Investigation (FBI) orchestrated the crack cocaine purchase as part of its investigation into illegal drug sales at an apartment complex located at 610 South Scott Street in Lima, Ohio.  Michael Liles, a friend of Haywood, was the principal target of the investigation.

DeWayne Spears assisted the FBI in its investigation by serving as a confidential informant.  Spears was serving in that capacity when, on August 1, 1997, he saw Haywood standing outside of Apartment #7 at 610 South Scott Street.  Aware that Haywood and Liles were friends, Spears told Haywood that he wanted to purchase one ounce of crack

cocaine from Liles and asked Haywood to set up the sale. Haywood told Spears to return to Apartment #7 in 40 minutes.

Spears subsequently informed FBI Agents David Dustin and Carl Spicocchi of the pending crack cocaine sale. Agents Dustin and Spicocchi met with Spears a short time later and equipped him with a monitoring wire and tape-recording device. Spears then departed for Apartment #7.

Minutes later, Spears met Haywood in front of the apartment. They entered after a brief conversation, with Liles entering shortly thereafter. Spears proceeded to discuss the crack cocaine sale with both Haywood and Liles. Either Haywood or Liles then went to the basement of the apartment and retrieved crack cocaine, weighed it on a scale in the kitchen, and presented it to Spears. Spears purchased the crack cocaine, which totaled 18 grams, for $900.

Once in possession of the crack cocaine, Spears left Apartment #7 and met a second time with Agents Dustin and Spicocchi. He gave the agents a detailed account of his encounter with Haywood and Liles.

Haywood was arrested nearly a year later for selling the 18 grams of crack cocaine to Spears. In the meantime, Haywood had been arrested for possession of crack cocaine on December 21, 1997. This arrest occurred after Lima Police Officers Michael Bean and Brian Leary, searching for Haywood in regard to a matter unrelated to the present case, saw him riding in a vehicle driven by Liles. In searching Haywood pursuant to a lawful stop, Officer Bean found a rock of crack cocaine weighing 1.3 grams in Haywood's jacket pocket. Haywood was charged in state court with possession of crack cocaine, but the prosecutor later dismissed the charge.

## B.  Procedural background

In July of 1998, a federal grand jury indicted Haywood on one count of possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a).  The count arose from the August 1, 1997 crack cocaine sale.  Haywood pled not guilty to the count.  The case then proceeded to trial in the United States District Court for the Northern District of Ohio.  At trial, the evidence focused on whether it was Haywood or Liles who sold the crack cocaine to Spears on August 1, 1997.

To prove that Haywood was the one who sold the crack cocaine on that date, the government relied primarily on testimony from Spears, Agent Dustin, and Agent Spiccochi, as well as on the tape recording of the crack cocaine sale.  Spears testified that Haywood retrieved the cocaine from the basement, weighed it, and presented it for sale.  He further said that Haywood accepted the $900 payment for the crack cocaine.

Agent Dustin's testimony focused on bolstering Spears's credibility.    Dustin  said  that  Spears  volunteered  as  a confidential informant because he was concerned with crime in the community.  Spears, according to Dustin, was also timely in meeting with the FBI and never appeared to be under the influence of drugs or alcohol.  Agent Spicocchi added  that  information  provided  by  Spears  led  to  the indictment of 15 individuals on federal drug charges, with 5 other individuals indicted on state and local charges.

Haywood, on the other hand, relied on testimony from Liles and Agent Spicocchi to prove that it was Liles who sold the crack cocaine.  Liles testified on direct examination that he was  the  one  who  sold  the  crack  cocaine  to  Spears  on August 1, 1997.  Agent Spiccochi corroborated Liles's testimony by acknowledging that Spears initially told the agents that the crack cocaine had come from Liles, that the FBI report submitted by himself and Agent Dustin regarding the crack cocaine sale states that Spears purchased the crack cocaine from Liles, and that he had earlier told the grand jury that Spears declined to purchase drugs from Haywood

Since in my view the evidence of the subsequent crack possession also easily met the admissibility requirements of Rules  402  (relevance)  and  403  (probative  value  not substantially outweighed by unfair prejudice), essentially for the reasons discussed above, I would uphold Haywood's conviction.  I respectfully dissent from the court's opinion.

---

moments before the controlled buy. . . . Liles testified that drug transactions carried out at Apartment 7 were attributable to Emo, an alias used by Haywood.  Finally, a recording of the drug deal was  played  at  trial  and,  because  both  Spears  and  Liles  had testified,  the  jury  could  perform  a  comparison  of  their  voices with those of the men recorded on tape.

[Spears] stood firm in his testimony in the face of a vigorous cross examination at trial.  He consistently stated that he bought the crack  from  Haywood.    If  anything,  the  presence  of  Liles  in Apartment 7, and his limited participation in the deal between Haywood and Spears, supports a conviction of both Haywood *and* Liles.  It certainly does not exonerate Haywood, or establish that Spears has a poor memory.

(App. 418-19) (footnote omitted).

Indeed, Haywood's subsequent possession was doubly relevant, because it was also evidence that Haywood knowingly possessed crack that he intended to sell to Spears. Other crimes evidence is admissible to show knowledge. *See* Fed. R. Evid. 404(b); *Logan*, 121 F.3d at 1178 ("prior possession of drugs . . . is admissible to show such things as knowledge"). Knowing possession is an element of the offense for which Haywood was convicted. *See United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001). And knowledge was at issue in the trial: Haywood's chief defense was to claim (despite overwhelming evidence that Haywood was present during the sale of crack to Spears) that Liles sold the drugs to Spears without Haywood's involvement. Against that background, the fact that Haywood and Liles were found together in December 1997 and Haywood had crack on his person at that time is substantially probative of Haywood's knowing possession at the earlier time and his intent to distribute to Spears.

At a minimum, the district court's decision to admit the evidence did not rise to the level of an abuse of discretion, as required for reversal. Any need to exclude was eminently debatable. There was thus no reversible error under Rule 404(b).**[3]**

---

**[3]** Even supposing the district court's decision to admit the evidence of the later crack possession was an abuse of discretion, I think the trial's outcome was not "substantially swayed" by the supposed error. *See supra* at p.14 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). The evidence of Haywood's guilt was powerful without the subsequent crack possession. It is well summarized in the district court's order denying Haywood's motion for acquittal:

> Spears testified that he bought crack from a man named Emo. This purchase took place in Apartment 7 of the [apartments] where Emo's sister lived. ... Spears picked Haywood out of a photographic lineup as Emo the very week these events occurred, and later identified Haywood in open Court.

> In addition to this identification, more than one witness testified that Haywood used to wear his hair in an Afro. FBI agents observed Spears talking with a man with an Afro just

because Spears wanted to buy crack cocaine, which only Liles had to sell. Even though the persuasiveness of Liles's testimony on Spears's behalf was substantially weakened on cross-examination with concessions that his recollection of the sale was vague, that he had pled guilty to making the sale with Haywood, that Haywood typically sold drugs out of Apartment #7, and that he did not want Haywood to go to jail, the net effect of Liles's testimony was a matter for the jury to determine.

Not all of the evidence at trial, however, directly related to whether Haywood or Liles sold the crack cocaine to Spears on August 1, 1997. The government also offered evidence that it contended was indirectly probative as to whether Haywood intended to distribute the crack cocaine allegedly in his possession on that date. Specifically, the government offered the testimony of Officers Bean and Leary regarding their recovery of crack cocaine from Haywood on December 21, 1997.

Haywood objected to the admission of any evidence regarding his December 1997 crack cocaine possession. He argued that such evidence had "nothing to do with this case" and would cause "unfair prejudice." The government countered that the evidence was admissible under Rule 404(b) of the Federal Rules of Evidence to prove Haywood's intent on August 1, 1997. Agreeing that the testimony was admissible under Rule 404(b), the district court overruled Haywood's objection.

Officer Bean then testified that he recovered 1.3 grams of crack cocaine from Haywood on December 21, 1997. He described the crack cocaine as a single rock, slightly smaller than a golf ball. The district court gave a contemporaneous instruction that the jury could consider Officer Bean's testimony only "with regard to the issue of intent to the extent that it is relevant in this case." After this instruction, Officer Leary took the stand and essentially corroborated the facts as related by Bean. A cautionary instruction similar to

that given following Bean's testimony was neither requested by Haywood nor given by the district court.

The jury subsequently found Haywood guilty on the drug-trafficking count. He was later sentenced by the district court to a 115-month term of imprisonment, with an additional 5 years of supervised release. Haywood now appeals, arguing that the district court committed reversible error when it admitted the evidence of his December 1997 possession of crack cocaine.

## II.  ANALYSIS

### A.  Framework for analyzing the admission of evidence of other acts under Rule 404(b)

Rule 404(b) provides that evidence of other acts is "not admissible to prove the character of a person in order to show action in conformity therewith . . . ." Such evidence, however, may be admissible for other purposes, including proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.*

This court has set forth a three-step process for determining the admissibility of evidence of other acts under Rule 404(b). *United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir. 1992) (en banc). The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred. *Id.* at 1261. If so, the district court must decide whether the evidence of the other act is "'probative of a material issue other than character.'" *United States v. Johnson*, 27 F.3d 1186, 1191 (6th Cir. 1994) (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). Finally, if the evidence is probative of a material issue other than character, the district court must decide whether the "probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Johnson*, 27 F.3d at 1190.

The Fifth Circuit recognizes that distinction. Like a number of sibling circuits, it follows a rule of admissibility that dictates a result opposite to the court's result today: other acts of drug possession, regardless of quantity, are routinely admissible under Rule 404(b) to prove intent to distribute drugs at another time. *See United States v. Gadison*, 8 F.3d 186, 192 (5th Cir. 1993); *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997) (holding that with a proper limiting instruction, other acts of possessing drugs, "even in an amount consistent only with personal use," are per se admissible to prove intent to distribute); *United States v. Butler*, 102 F.3d 1191, 1195-96 (11th Cir. 1997) ("evidence of prior personal drug use [is admissible] to prove intent in a subsequent prosecution for distribution of narcotics").

This rule is especially plausible if it is narrowed to cases such as Haywood's, where the drug in the prior or subsequent possession and the drug the defendant is charged with distributing are the same. Evidence that a defendant carries a certain kind of drug with him suggests a degree of involvement in the trade that tends to support an inference of intent to distribute that drug at another time. *Cf. United States v. Templeman*, 965 F.2d 617, 619 (8th Cir. 1992) ("Evidence of Templeman's personal use of cocaine indicates potential motives for his distribution of cocaine: to finance his own use of the drug and to assure himself of a ready supply. Evidence that Templeman used drugs with others indicates that he had opportunity to distribute drugs because he knew who would be potential customers."). The court fails to recognize this probative value.

Even if we hold that a rule such as the Fifth, Eighth and Eleventh Circuits' is inappropriate, we should hold that the legitimate probative value of Haywood's possession was not outweighed by the undue prejudicial effect of the evidence.[2]

---

[2] Even those courts that disagree with the broad rule of admissibility in intent-to-distribute cases gauge the admissibility of prior or later possessions on a case-by-case basis. *See, e.g.*, *United States v. Monzon*, 869 F.2d 338, 344-45 (7th Cir. 1989).

———————

**DISSENT**

———————

JOHN R. GIBSON, Circuit Judge, dissenting. I respectfully dissent. The district court did not abuse its discretion in admitting Haywood's December 1997 crack possession under Fed. R. Evid. 404(b). The evidence was admissible to show Haywood's intent to distribute crack in the sale to Spears at issue here and his knowing possession of crack at that time.

Under Rule 404(b), evidence of other crimes, if more probative than prejudicial, is admissible to prove knowledge or intent. *See United States v. Dabish*, 708 F.2d 240, 242 (6th Cir. 1983) (per curiam). Similarity of the prior or subsequent act to the charged act is one of the key factors supporting admissibility under Rule 404(b). *Id.* at 242-43. Today the court cites no relevant authority for its conclusion that possession of a moderate quantity of drugs, such as the nearly golf ball-sized crack rock that Haywood had when stopped in December 1997, is too dissimilar to be admissible under Rule 404(b) to show intent to distribute the same drug at an earlier time.[1] The Fifth Circuit case cited, *United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996), does not support that proposition. *Skipper* merely held that the possession of 2.89 grams of crack was not *sufficient* evidence to permit a conviction for possession of crack with intent to distribute. That has little to do with whether such evidence is *admissible* for that purpose.

———————

[1] In analyzing whether the conduct was substantially similar, the court works to distinguish three unpublished opinions of this circuit, each of which found a prior drug possession admissible to show intent to distribute. *See supra* pp. 9-10 (opinion of the Court). The proper approach to this case is open in any event, since "unpublished opinions are never controlling authority." *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 591 (6th Cir. 2001) (Gilman, J.).

In the present case, Haywood concedes that the other act at issue—his possession of crack cocaine on December 21, 1997—actually occurred. The analysis thus focuses on (1) whether the evidence of Haywood's crack cocaine possession on that date is probative of a material issue other than his character and (2) whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

**B.   Standard of review**

We review a district court's rulings regarding both the second and third steps of the Rule 404(b) admissibility analysis to determine whether the district court abused its discretion. *United States v. Mack*, 258 F.3d 548, 553 & n.1 (6th Cir. 2001). An abuse of discretion occurs when we are left with the "definite and firm conviction that the [district] court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" or "where it improperly applies the law or uses an erroneous legal standard." *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir. 2000) (citations and internal quotation marks omitted).

Haywood, however, contends that we should review de novo the district court's holding with regard to the second step in the Rule 404(b) analysis. As support for this proposition, Haywood relies on this court's decision in *United States v. Wells*, 211 F.3d 988, 999 (6th Cir. 2000) (reviewing de novo the district court's determination regarding the second step of the Rule 404(b) analysis).

But this court concluded in *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999), that all evidentiary rulings are subject to the abuse of discretion standard of review. *Id.* (citing *General Electric Co. v. Joiner*, 522 U.S. 136, 141 (1997)). To the extent that *Wells* conflicts with *Trepel*, we are bound by *Trepel*. *Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001) ("[W]hen a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case.").

**C.    The district court abused its discretion in holding that the evidence of Haywood's December 1997 crack cocaine possession was probative of a material issue other than character**

Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or "in issue," and (3) the evidence is probative with regard to the purpose for which it is offered. *Johnson*, 27 F.3d at 1190-91.

The inquiry therefore begins with the question of whether the government offered the evidence of Haywood's December 1997 crack cocaine possession for an admissible purpose. According to the government, this evidence was offered as proof of Haywood's alleged intent to distribute crack cocaine on August 1, 1997. Rule 404(b) explicitly includes intent as a proper purpose for which to offer evidence of other acts. The evidence was therefore offered for an admissible purpose.

Next, the inquiry turns to whether Haywood's intent was material or "in issue" during his trial. This court has held that "[w]here there is thrust upon the government . . . the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." *Johnson*, 27 F.3d at 1192. In the present case, Haywood was charged with possession of crack cocaine with the intent to distribute—a specific intent crime. *United States v. Spikes*, 158 F.3d 913, 930 (6th Cir. 1998) ("Moreover, this court has held that Rule 404(b) evidence is admissible to prove intent if specific intent is a statutory element of the offense. . . . Possession with the intent to distribute is such an offense.") (citations omitted). Intent was therefore "in issue" during Haywood's trial.

The inquiry thus shifts to whether the evidence of Haywood's December 1997 crack cocaine possession is probative of his intent to distribute crack cocaine on August 1, 1997. To determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that

### III.    CONCLUSION

For all of the reasons set forth above, we **REVERSE** Haywood's conviction and **REMAND** the case for a new trial.

grounds. The government concedes that Haywood's objection preserved his argument regarding the relevancy component of the Rule 404(b) admissibility analysis; that is, Haywood's argument that the evidence was not probative of a material issue other than character. But the government contends that Haywood's objection does not preserve his argument that the probative value of the evidence was substantially outweighed by its potential prejudicial effect. Thus, if we hold that the evidence is inadmissible on the basis of balancing relevancy versus prejudice, the government insists that we must review the improper admission of the evidence under the plain error standard of review. *United States v. Lucas*, Nos. 94-5625, 94-5674, 1995 WL 598403, at *5 (6th Cir. Oct. 10, 1995) (holding that the defendant's failure to object to the admission of evidence offered pursuant to Rule 404(b) required this court to utilize the plain error standard of review) (citing Fed. R. Crim. P. 52(b)); *United States v. Segines*, 17 F.3d 847, 852 (6th Cir. 1994) (holding that the plain error standard requires the court to determine whether an obvious error has occurred that both affects substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

The government's argument, however, lacks merit. An objecting party is required to state "the specific ground of objection" only if the ground "was not apparent from the context . . . ." Fed. R. Evid. 103(a)(1). Haywood explained to the district court that he was objecting to the evidence of his December 1997 crack cocaine possession because it was both irrelevant and prejudicial. These are the two key elements in the admissibility analysis under Rule 404(b). *Johnson*, 27 F.3d at 1191. Moreover, in response to Haywood's objection, the government argued that the evidence was admissible under Rule 404(b). The context thus made it apparent that Haywood was objecting under Rule 404(b), rendering plain error review inapplicable. We therefore conclude that the district court committed reversible error in admitting the evidence of Haywood's December 1997 crack cocaine possession.

is "substantially similar and reasonably near in time" to the specific intent offense at issue. *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985).

We must first decide whether the evidence of Haywood's December 1997 crack cocaine possession is "substantially similar" to the offense at issue—possession of crack cocaine with the intent to distribute. The dissent apparently believes that it is, relying on cases from the Fifth, Eighth, and Eleventh Circuits that have held that a defendant's possession of drugs for personal use is relevant to prove his intent to distribute drugs found in his possession on another occasion. *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997); *United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997); *United States v. Gadison*, 8 F.3d 186, 192 (5th Cir. 1993).

But we are unable to discern a compelling rationale for this approach, which fails to recognize that "[a]cts related to the personal use of a controlled substance are of a wholly different order than acts involving the distribution of a controlled substance. One activity involves the personal abuse of narcotics, the other the implementation of a commercial activity for profit." *United States v. Ono*, 918 F.2d 1462, 1465 (9th Cir. 1990). Haywood's possession of a small quantity of crack cocaine for personal use on one occasion, in other words, sheds no light on whether he intended to distribute crack cocaine in his possession on another occasion nearly five months earlier. *United States v. Monzon*, 869 F.2d 338, 344 (7th Cir. 1989) (concluding that the defendant's prior possession of a small amount of marijuana was not probative of his intent to distribute cocaine, although any evidence of the defendant's past distribution of cocaine would be relevant to prove his intent); *United States v. Enriquez*, 314 F.2d 703, 717 (9th Cir. 1963) (holding that the admission of evidence regarding the defendants' prior use of marijuana to prove intent to distribute heroin resulted in an unfair trial).

Accordingly, the substantial-similarity analysis turns on whether Haywood intended to distribute the 1.3 grams of

crack cocaine in his possession in December of 1997. *United States v. Watson*, No. 96-5772, 1997 WL 592812, at *3 (6th Cir. Sept. 24, 1997) (unpublished table decision) (stating that other instances where the defendant had the specific intent to distribute drugs may be admissible to prove that he specifically intended to distribute drugs in his possession on another occasion). The district court concluded that Haywood intended to distribute the 1.3 grams of crack cocaine, inferring Haywood's intent from the quantity of crack cocaine found in his possession. This conclusion, however, lacks any evidentiary support. First, the government offered no evidence showing that 1.3 grams of crack cocaine is an amount inconsistent with personal use. The Fifth Circuit, moreover, has held that evidence of possession of more than twice as much crack cocaine, in and of itself, is insufficient to prove intent to distribute. *United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996) ("Because this quantity [2.89 grams of crack cocaine] is not clearly inconsistent with personal use, however, we hold as a matter of law that this quantity alone is insufficient to prove intent [to distribute].").

Finally, the government offered no other circumstantial evidence that would support the conclusion that Haywood intended to distribute the 1.3 grams of crack cocaine. Haywood, for example, had not divided the crack cocaine into individual allotments suitable for sale. *United States v. Jones*, Nos. 91-6005, 91-6032, 1993 WL 11832, at *3 (6th Cir. Jan. 20, 1993) (unpublished table decision) (holding that the defendant's separation of 4.1 grams of crack cocaine into a number of smaller, precisely weighed allotments allowed the jury to infer the defendant's intent to distribute). Nor did Haywood possess either a large amount of cash or a firearm when he was arrested for possession of the 1.3 grams of crack cocaine. *United States v. Wade*, No. 90-5934, 1991 WL 158674, at *2 (6th Cir. Aug. 15, 1991) (unpublished table decision) (holding that the defendant's possession of a large amount of cash and a firearm allowed the jury to infer that he intended to distribute 13 grams of powder cocaine).

overwhelming. *Compare United States v. Murphy*, 241 F.3d 447, 453 (6th Cir. 2001) (holding that the district court's improper failure to analyze the admissibility of evidence of other acts was harmless error in light of the overwhelming evidence of the defendant's guilt), *with United States v. Blanton*, 520 F.2d 907, 909-10 (6th Cir. 1975) (holding that the deliberate injection of testimony concerning another wholly unrelated offense in which the defendant was allegedly involved was reversible error because the evidence of the defendant's guilt was not "so overwhelming that the error could not possibly have influenced the jury's decision or affected the substantial rights of the defendant").

Haywood's guilt was significantly contested in the present case. Although the government offered sufficient proof that Haywood was the one who sold the crack cocaine to Spears on August 1, 1997 to reach the jury, this evidence was not overwhelming in light of the conflicting evidence indicating that it was actually Liles who sold the crack cocaine to Spears. Most notably, Agent Spiccochi testified that Spears told him just after the August 1, 1997 sale that Liles was the seller. Agent Spicocchi's report on the sale, as well as his testimony before the grand jury, also reflect that Spears initially stated that he purchased the crack cocaine from Liles rather than Haywood.

In the absence of overwhelming evidence establishing Haywood's guilt, we conclude that the admission of the highly prejudicial evidence of Haywood's December 1997 crack cocaine possession was not harmless. The government, however, contends that this conclusion does not end the inquiry into whether the district court's admission of the evidence is reversible error. Instead, it urges that we must review the district court's admission of the evidence under the "plain error" standard.

The government bases its argument on Haywood's failure to cite Rule 404(b) when objecting to the evidence of his December 1997 crack cocaine possession. According to the government, Haywood objected only on general relevancy

minor where "[t]he government had, and used, a number of means available to it to prove [the defendant's] specific intent to possess and distribute . . . ."). A limiting instruction will minimize to some degree the prejudicial nature of evidence of other criminal acts; it is not, however, a sure-fire panacea for the prejudice resulting from the needless admission of such evidence. *United States v. Garcia-Rosa*, 876 F.2d 209, 222 (1st Cir. 1989), *judgment vacated in part sub. nom. by River-Feliciano v. United States*, 498 U.S. 594 (1990) (holding that the prejudicial effect of the evidence of the defendant's other criminal acts was so severe that it could not "be remedied merely through a limiting instruction" and further stating that "[i]f limiting instructions could remedy all such errors, the government would easily be able to circumvent Rules 404(b) and 403").

For all of the reasons set forth above, we conclude that the district court abused its discretion in implicitly holding that the probative value of the evidence of Haywood's December 1997 crack cocaine possession was not substantially outweighed by its potential prejudicial effect.

**E.    The district court committed reversible error in admitting the evidence of Haywood's December 1997 crack cocaine possession under Rule 404(b)**

We must next decide whether the district court's improper admission of the evidence of Haywood's December 1997 crack cocaine possession requires us to reverse Haywood's conviction. In making this decision, we examine the likely effect that the inadmissible evidence had on the jury's verdict.

Specifically, we will presume that the district court's error was reversible unless we can say, "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error . . . ." *Kotteakos v. United States*, 328 U.S. 750, 765 (1946). Whether the jury was "substantially swayed" by the improper admission of evidence of other acts in a criminal trial generally depends on whether the properly admissible evidence of the defendant's guilt was

The record, then, contains no evidence showing that Haywood intended to distribute the 1.3 grams of crack cocaine. Absent such evidence, Haywood's December 1997 crack cocaine possession has no bearing on whether he intended to distribute the crack cocaine allegedly in his possession on August 1, 1997.

This conclusion renders moot the question of whether Haywood's December 1997 crack cocaine possession is "reasonably near in time" to the offense with which he was charged. When an act and a charged offense are so dissimilar that the act has no logical tendency to prove the intent element of the charged offense, no degree of temporal proximity will infuse the act with probative value. *United States v. Bakke*, 942 F.2d 977, 983 (6th Cir. 1991) (holding that evidence of the defendant's arrest in a "totally unrelated drug transaction" that occurred six months after the end of the charged conspiracy did not tend to prove that the defendant was a member of the conspiracy, and was therefore inadmissible under Rule 404(b)). Furthermore, although the nearly five month gap between August 1, 1997 and December 21, 1997 is not so lengthy a time span as to render "other acts" evidence irrelevant under all circumstances, it is of sufficient length to require a greater similarity between the two events than is present in the case before us. *See United States v. Ruiz*, 178 F.3d 877, 880 (7th Cir. 1999) (stating that "if the acts are similar in nature to those of the charged crime, even a substantial gap in time may not destroy the relevance of the acts to the determination of the defendant's intent in committing the charged conduct").

For all of the reasons set forth above, we conclude that the district court abused its discretion in holding that the evidence of Haywood's possession of crack cocaine on December 21, 1997 was probative of a material issue other than character.

**D.   The district court abused its discretion in implicitly holding that the probative value of the evidence of Haywood's December 1997 crack cocaine possession was not substantially outweighed by its potential prejudicial effect**

Even if we were to determine that the evidence of Haywood's December 1997 crack cocaine possession was probative of a material issue other than character, our inquiry regarding the admissibility of the evidence would not end. Probative "other acts" evidence is nevertheless inadmissible if the value of the evidence is substantially outweighed by its potential prejudicial effect. *Johnson*, 27 F.3d at 1190-91. This balancing must be performed before the evidence of other acts is admitted. *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996) (recognizing this requirement in reviewing the district court's admission of evidence regarding the defendant's participation in an earlier cocaine distribution conspiracy).

In the present case, however, the district court did not explicitly perform this required balancing. The district court thus overlooked this court's preference "for an explicit finding regarding the [required] balancing" in light of the "potential for confusion, misuse, and unfair prejudice from other act evidence." *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997). But by admitting the evidence of Haywood's December 1997 crack cocaine possession, the district court implicitly held that the potential prejudicial effect of the evidence did not preclude its admission. *United States v. Johnson*, No. 98-3183, 2000 WL 712385, at *8 (6th Cir. May 24, 2000) (unpublished table decision) (holding that the district court's conclusion with regard to the required balancing was "implied by the [district] court's decision to admit the evidence").

We conclude that the district court abused its discretion by implicitly determining that the probative value of the evidence of Haywood's December 1997 crack cocaine possession was not substantially outweighed by its potential prejudicial effect.

Specifically, the evidence was both unfairly prejudicial and unnecessary.

First, the evidence of Haywood's December 1997 crack cocaine possession "unquestionably [had] a powerful and prejudicial impact." *Johnson*, 27 F.3d at 1193. By "branding" Haywood as a criminal possessing crack cocaine, this evidence had "the natural tendency to elicit the jury's opprobrium for [Haywood]." *United States v. Spikes*, 158 F.3d 913, 929 (6th Cir. 1998). The evidence further invited the jury to conclude that Haywood "is a bad person . . . and that if he 'did it [once] he probably did it again.'" *Johnson*, 27 F.3d at 1193.

Second, there was other evidence regarding Haywood's intent. *Myers*, 123 F.3d at 363 (stating that a relevant factor in the balancing process "is the availability of other means of proof, which would reduce the need for the potentially confusing evidence"). To start with, the government had Spears's testimony to establish Haywood's intent. Spears testified that Haywood sold him crack cocaine on August 1, 1997. If the jury accepted Spears's testimony, it could obviously infer from the sale that Haywood had the intent to distribute crack cocaine. Moreover, the government charged Haywood with possessing 18 grams of crack cocaine, an amount sufficient to permit the jury to infer Haywood's intent to distribute. *United States v. Payne*, No. 93-5381, 1994 WL 36849, at *4 (6th Cir. Feb. 8, 1994) (unpublished table decision) (holding that the defendant's possession of 19.3 grams of crack cocaine with a street value of $1,700 allowed the jury to infer that he had the intent to distribute).

Finally, the admission of this prejudicial evidence was not remedied by the district court's instruction to the jury that the evidence could be considered only as it related to Haywood's intent. *United States v. Seiber*, No. 96-6463, 1998 WL 165153, at *7 (6th Cir. April 3, 1998) (unpublished table decision) (holding that, despite giving a limiting instruction, the district court abused its discretion in admitting evidence of the defendant's involvement in uncharged drug sales to a