File Name:  06a0216n.06
Filed:  March 29, 2006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>        v.<br><br>LARRY LAMONT COWAN,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>) ON APPEAL FROM THE<br>) UNITED STATES DISTRICT<br>) COURT FOR THE EASTERN<br>) DISTRICT OF TENNESSEE<br>)<br>) |

Before:      **MARTIN**, **NELSON**, and **COLE**, Circuit Judges.

**DAVID A. NELSON**, Circuit Judge.  This is an appeal from a judgment of conviction and sentence in a criminal case.  The defendant argues (1) that the district court committed clear error in finding consent to a search that produced evidence which the court declined to suppress; (2) that the court abused its discretion in admitting evidence of a prior crime; and (3) that the court unconstitutionally enhanced the defendant's sentence on the basis of a fact that was not found by a jury.

We are satisfied that the district court's evidentiary determinations did not constitute reversible error.  Because the defendant admitted the fact that was used to enhance his sentence, moreover, there was no violation here of the Sixth Amendment right to a jury trial. For these reasons, and because the defendant does not unequivocally seek a remand on the

ground that the district court mistakenly regarded the sentencing guidelines as mandatory,

we shall affirm the challenged judgment.

I

The defendant, Larry Cowan, was indicted on charges that included conspiracy to

commit credit card fraud, possession of a credit card re-encoding device, and credit card

fraud.

Mr. Cowan filed a pre-trial motion to suppress evidence found in his car at the time

of his arrest.  At a hearing on the motion, a secret service agent testified that Mr. Cowan

consented to the search of his vehicle.  Mr. Cowan denied giving consent, but the district

court believed the agent.  Accordingly, the court denied Cowan's motion to suppress.

Four of Mr. Cowan's alleged co-conspirators testified against him at trial.  Their

testimony indicated that Mr. Cowan asked others to use an electronic device to "skim"

numbers from credit cards, that Cowan provided others with fraudulent credit cards for use

at various stores, and that Cowan himself purchased a $3500 gift card with a fraudulent credit

card.  A secret service agent testified that three fraudulently re-encoded credit cards were on

Mr. Cowan's person at the time of his arrest and that a re-encoding device was found with

related computer equipment in Cowan's car.

Mr. Cowan took the stand and denied any involvement in the credit card fraud about

which the other witnesses had testified.  He denied that the re-encoding device had been in

his car and claimed to have "no idea" how credit cards in his possession had come to be re-encoded. On cross-examination, the government sought to elicit testimony that Cowan had previously been arrested with fraudulent credit cards and, in connection with that arrest, had pleaded guilty to possession of a forged instrument. Mr. Cowan objected, but the district court held that such testimony was admissible under Rules 404(b) and 609, Federal Rules of Evidence. The court instructed the jury to consider the testimony only as evidence of knowledge and intent.

The jury found Mr. Cowan guilty of conspiracy to commit credit card fraud, possession of a re-encoding device, and credit card fraud. A probation officer prepared a presentence report that recommended (among other things) a seven-level increase in Mr. Cowan's offense level because his conduct had resulted in losses totaling between $120,000 and $200,000. Mr. Cowan made no objection to the contents of the presentence report. The district court therefore accepted the probation officer's calculation of a guideline sentence range of 46 to 57 months. Stating that it saw no "reason to go particularly high or particularly low in this particular case," the court sentenced Mr. Cowan to imprisonment for a term of 50 months. The court also ordered Cowan to pay restitution in the amount of the loss calculated by the probation officer. Mr. Cowan filed a timely notice of appeal.

II

A

Mr. Cowan maintains that the district court should have granted his motion to suppress the re-encoding device and other evidence found in his car. "In reviewing a district court's suppression determinations, this Court reviews findings of fact for clear error, and legal conclusions *de novo*." *United States v. Lawrence*, 308 F.3d 623, 626-27 (6th Cir. 2002) (internal quotation marks omitted).

Disbelieving Mr. Cowan's testimony and believing the testimony of the secret service agent, the district court found as a fact that Cowan had consented to the search of his vehicle. That finding is entitled to great deference. "[F]indings of fact anchored in credibility assessment are generally not subject to reversal upon appellate review." *Id.* at 627 (internal quotation marks omitted). "[W]hen there are two permissible views of the evidence," moreover, "the fact finder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted).

Mr. Cowan argues that the secret service agent's testimony was so clearly incredible that the district court was required to reject it. We are not persuaded. In our view, a reasonable fact finder could credit the agent's testimony that he arrived at the scene approximately one minute after Cowan was arrested, even though another officer testified that he "explained to [Cowan] what was going on" and read Cowan the *Miranda* warnings

between the moment of the arrest and the moment of the secret service agent's arrival. It is not clear that the officer's conversation with Cowan had to have taken substantially more than one minute. And even if the agent underestimated the time between the arrest and his arrival, the remainder of his testimony could still be believed. Accordingly, we defer to the district court's credibility determination.

B

Mr. Cowan's second argument is that the district court erred in admitting evidence of his prior arrest and plea of guilty to a charge of possession of a forged credit card. The district court's decision to admit the challenged evidence is reviewed for abuse of discretion. *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002).

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence "may, however, be admissible for other purposes, such as proof of . . . intent, . . . knowledge, . . . or absence of mistake or accident . . . ." *Id.*

The district court did not abuse its discretion in determining that evidence of Mr. Cowan's previous possession of a fraudulent credit card was "probative of a material issue other than character." *Haywood*, 280 F.3d at 720 (internal quotation marks omitted). Cowan put knowledge and intent at issue by testifying that he had "no idea" how credit cards in his possession had come to be re-encoded. The challenged evidence countered Cowan's

testimony by tending to show that he knew the cards were fraudulent and that he intended them to be misused.

Nor did the district court abuse its discretion in determining that the probative value of the evidence was not outweighed by the danger of unfair prejudice. In the circumstances of this case — where fraudulent credit cards were found on Mr. Cowan's person — we think the jury was more likely to infer knowledge and intent than to draw an improper "propensity" inference from the evidence of Cowan's prior conduct. It is significant, in this regard, that the district court gave an appropriate limiting instruction. See *United States v. Foster*, 376 F.3d 577, 592 (6th Cir.) (holding that an appropriate instruction "limit[s] any possible unfair prejudice"), *cert. denied*, 543 U.S. 1012 (2004).[1]

Even if the admission of the challenged evidence constituted an abuse of discretion, the error would be harmless. The evidence against Mr. Cowan — particularly his co-conspirators' testimony and the physical evidence found in his possession — was very strong, and Cowan's flat denial of any involvement in the conspiracy simply strained credulity.

---

[1]Because the evidence was admissible under Rule 404(b), we need not decide whether it was also admissible under Rule 609, Fed. R. Evid.

C

Finally, Mr. Cowan argues that the district court violated his Sixth Amendment right to a jury trial by enhancing his sentence on the basis of a judicially determined fact, *i.e.*, the amount of the losses caused by Cowan's criminal conduct. He relies on *United States v. Booker*, 543 U.S. 220, 244 (2005), where the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Mr. Cowan did not raise a Sixth Amendment argument in the district court, so this court's review is for plain error.

No plain Sixth Amendment error occurred here. By failing to object to the presentence report, Mr. Cowan admitted the accuracy of the probation officer's loss calculation. See *United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005); *United States v. Settle*, 414 F.3d 629, 631-32 n.1 (6th Cir. 2005). "Admitted facts . . . need not be proved to a jury beyond a reasonable doubt" under *Booker*. *Settle*, 414 F.3d at 631-32 n.1.

Although the Sixth Amendment was not violated, the district court did plainly err by sentencing Mr. Cowan as if the sentencing guidelines were mandatory. See *United States v. Barnett*, 398 F.3d 516, 525-26 (6th Cir.), *cert. dismissed*, 126 S.Ct. 33 (2005). But it is our understanding that Mr. Cowan, who did not raise the error in his principal brief, does not seek a remand on this basis. While the error was belatedly cited in the reply brief, Mr. Cowan's lawyer acknowledged at oral argument that a remand unaccompanied by an

invalidation of the district court's loss calculation might not be in his client's best interest.

Accordingly, we decline to remand for re-sentencing under *Barnett*. *Cf. United States v. Murdock*, 398 F.3d 491, 502 (6th Cir. 2005) (declining to address a *Barnett* claim that was not raised on appeal); *United States v. Milan*, 398 F.3d 445, 455 n.7 (6th Cir. 2005) (same).

**AFFIRMED**.