NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0079n.06

No. 09-5173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 10, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff-Appellee,      )
                             )    ON APPEAL FROM THE UNITED
v.                           )    STATES DISTRICT COURT FOR THE
                             )    EASTERN DISTRICT OF KENTUCKY
AMINE KHADIRI,               )
                             )
    Defendant-Appellant.     )
                             )

Before:  MOORE and COOK, Circuit Judges; LUDINGTON, District Judge.[*]

COOK, Circuit Judge.  A jury convicted Amine Khadiri of falsely attesting to being a citizen or national of the United States on an Employment Verification Form in violation of 18 U.S.C. § 1546(b)(3).  The district court sentenced Khadiri to ten months' imprisonment.  Khadiri appeals his conviction and sentence, and we affirm.

**I.**

Khadiri, a citizen of Morocco, entered the United States in 1998 on a non-immigrant B-2 visitor's visa.  Although the visa expired in 1999, Khadiri remained in the United States and later sought employment.  Section 274 of the Immigration and Nationality Act requires applicants for employment to complete an Employment Eligibility Verification form ("I-9 form").  8 U.S.C. §

---

[*]The Honorable Thomas Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

1324a(b). Between 2006 and 2008, Khadiri completed four I-9 forms in connection with his employment at four different businesses: TFE Logistics Group, Innotrac, Domino's Pizza, and Burger King. On each form, Khadiri claimed to be a "citizen or national of the United States."

In 2007, Khadiri filed an I-485 Permanent Residence Status application where he admitted that he was residing in the United States with an expired visa and was not a citizen or national of the United States. This filing alerted Immigration and Customs Enforcement ("ICE") of Khadiri's failure to register in the National Security Entry-Exit Registration System ("NSEERS"),[1] prompting ICE to interview Khadiri regarding his status. During the interview, ICE learned of Khadiri's employment at Domino's Pizza, which led to the discovery of the I-9 form that is the subject of this appeal.

A grand jury indicted Khadiri on one count of knowingly using a false attestation on an I-9 form in violation of 18 U.S.C. § 1546(b)(3). The indictment solely concerned the form Khadiri completed for employment at Domino's Pizza. A jury found Khadiri guilty and the district court sentenced him to ten months' imprisonment. He now appeals.

**II.**

---

[1] In the aftermath of 9/11, the United States implemented NSEERS, which required non-immigrant males, aged 16 or older, from designated countries, to register with the Department of Homeland Security, to submit various documents and information, and to be fingerprinted and photographed. *See* 8 C.F.R. § 264.1(f)(4).

Khadiri first challenges the sufficiency of the evidence offered to support his conviction by questioning whether the government's evidence proved that: 1) he knowingly used a false attestation; and 2) he did so for the purpose of satisfying a requirement of § 274A(b) of the Immigration and Nationality Act. As with all defendants who challenge sufficiency, Khadiri must show that, "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Kimbrel*, 532 F.3d 461, 465 (6th Cir. 2008) (internal quotation marks and citation omitted).

Khadiri fails to meet that burden. His insufficiency claim rests entirely on the unhelpful assertion that no witness testifying at trial observed him complete or sign the I-9 form at issue. True enough, no prosecution witnesses observed Khadiri check the box falsely affirming his status as a United States citizen or national. But the evidence the government did present—unchallenged on sufficiency grounds—demonstrated Khadiri's knowing, false completion of the Employment Eligibility Verification form. That evidence suffices to defeat this challenge.

### III.

Khadiri also contends that the district court erred by admitting "other acts" evidence in violation of Federal Rule of Evidence 404(b). He targets admission of: 1) three additional I-9 forms not forming the basis for the indictment; 2) a Kentucky Driver's License application; 3) an I-485 application; and 4) evidence related to his failure to register in NSEERS. When assessing the admissibility of "other acts" evidence, we look for clear error in factual determinations, give fresh

review to legal determinations regarding proper purpose, and balance probative value against prejudicial effect in light of the district court's discretion. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008).

**I-9 Forms and Driver's License Application**

Khadiri claims that the court erred in admitting the three I-9 forms from other employers and the driver's license application because he never expressly placed the element of knowledge at issue. Even if admitting this evidence amounted to error, it was harmless because "we can say, 'with fair assurance, . . . that the [jury's] judgment was not substantially swayed by the error.'" *United States v. Haywood*, 280 F.3d 715, 724 (6th Cir. 2002) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). First, the I-9 on which the charge hinged—bearing Khadiri's signature—by itself "overwhelming[ly]" established guilt. *Id.* And second, the district court's jury instructions mitigated any prejudice to Khadiri by restricting consideration of the 404(b) evidence to whether it proved knowledge or absence of mistake. *Id.* Khadiri defended only by cross-examining the government witnesses on the absence of actual observation of his completing the forms.

**I-485 Permanent Residence Status Application**

The government sought to introduce, and the court admitted, the I-485 Permanent Residence Status application in which Khadiri admitted his status as a B-2 visa holder. Admission of this *truthful* attestation falls outside of Rule 404(b)'s ambit. Moreover, in light of Khadiri's sole

defense—that no one observed him check the box on the I-9 form at issue—the admission of this relevant, "good" act did not prejudice Khadiri in any way. *See* Fed. R. Evid. 403.

**Evidence of Failure to Register in NSEERS**

The district court properly admitted evidence of Khadiri's failure to register in NSEERS because Rule 404(b)'s prohibitions do not extend to "*res gestae*" evidence. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "[*R*]*es gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Id*. This evidence of Khadiri's failure to register in NSEERS prompted ICE to initiate the investigation that led directly to his indictment and eventual conviction. By explaining the reason for the investigation, the evidence "completes the story of the charged offense." *Id*. And because the government provided only a brief description of NSEERS and did not mention 9/11 or terrorism, we find no merit in Khadiri's argument that the evidence's prejudicial effect outweighed its probative value.

**IV.**

Finally, Khadiri challenges the reasonableness of his sentence.[2] Reasonableness includes

---

[2] Khadiri's completion of the custodial component of his sentence does not moot this aspect of his appeal because review "potentially implicates the length of [his three-year] supervised release term." *United States v. Maken*, 510 F.3d 654, 656 n.3 (6th Cir. 2007) (internal quotation marks and citation omitted).

both procedural and substantive components. *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007). Our review "first ensure[s] that the district court committed no significant procedural error," and "then consider[s] the substantive reasonableness of the sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Khadiri lodged no objection to his sentence in response to the *Bostic*-mandated opportunity the district court afforded, we review for plain procedural error only and find none—plain or otherwise. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008). The district court correctly calculated the Guidelines range, appreciated the advisory nature of the Guidelines, considered the § 3553(a) factors, and articulated the reasons for its decision. *United States v. Presley*, 547 F.3d 625, 629–30 (6th Cir. 2008).

As for substantive reasonableness, we review for abuse of discretion. *Gall*, 552 U.S. at 51. Khadiri claims that the district court abused its discretion by imposing a sentence four months beyond the Guidelines range. Although a sentence within the applicable Guidelines range receives a presumption of reasonableness, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), we do not apply a "presumption of unreasonableness" to sentences, such as Khadiri's, falling outside of the applicable range. *Gall*, 552 U.S. at 51. Khadiri disagrees with the district court's upward variance, but other than noting his disagreement, he advances no substantive grounds to demonstrate an abuse of discretion. Indeed, we find the record void of any cognizable basis for second guessing the district court's upward variance. *See id.* We uphold Khadiri's sentence.

**V.**

We affirm Khadiri's conviction and sentence.