MERRITT, Circuit Judge,
dissenting.
In this bribery case, I agree with my colleagues that the ethics reports showing disclosure of Dimora’s gifts were clearly admissible, but I disagree that their exclm sion was “harmless error.”
Subjective intent is the keystone of bribery. The influence of money in politics is growing by leaps and bounds, and the subjective intent of the public official receiving the money is perhaps the last and only distinguishing feature between criminal “quid pro quo bribery” and permissible “ingratiation.” The exchange of money for a vote is a crime that threatens the foundation of democracy. Buckley v. Valeo, 424 U.S. 1, 26-27, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). The exchange of money for “ingratiation and access is not corruption” at all; indeed, the exchange is so essential to the foundation of democracy that it is protected by the First Amendment. McCutcheon v. FEC, — U.S. -, 134 S.Ct. 1434, 1441, 188 L.Ed.2d 468 (2014) (internal edits omitted). We are left to distinguish the two as best we can by looking into the subjective intent of the public official.
And by we, I mean the jury. As Judge Sutton explained in Terry, “most bribery agreements will be oral and informal” such that one must build on “inferences taken from what the participants say, mean and do.” 707 F.3d 607, 613 (6th Cir.2013). Ephemeral “[mjotives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe.” Id. (internal quotation marks omitted). Fortunately, these are “all matters that juries are fully equipped to assess,” as juries are “quite capable of,” if not most expert at, “deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor.” Id. (internal quotation marks omitted).
Disclosure is relevant to an official’s subjective intent in bribery cases. Disclosure “offers a particularly effective means of arming the voting public with information.” McCutcheon, 134 S.Ct. at 1459-60. *633 Information is important if it alerts voters to the potential influences and motives of the officials who hold their trust, so that they (like juries) can build upon facts and inferences to reward or punish at the polls. Buckley, 424 U.S. at 66-67, 96 S.Ct. 612. As such, while they do not immunize an official’s actions, public disclosures “discourage those who would use money for improper purposes” and “tend to prevent the corrupt use of money” in politics, making such disclosures relevant to an official’s intent. Id. at 67-68, 96 S.Ct. 612.
My colleagues discount the influence Dimora’s disclosures could have had on the jury. They think that the evidence against Dimora was overwhelming and that any error excluding the report is harmless. They ignore, however, facts that are often of more importance to a jury than to an appellate judge. They ignore that the prosecutor promised the jury that she would show a culture of secrecy and nondisclosure shielding Dimora’s corruption. They ignore that Dimora promised, after assurance from the district court that the ethics reports could be admitted, to rebut the government’s claim by showing the jury reports disclosing Dimora’s relationship with his alleged bribers. These reports, Dimora argued, would show a relationship of “ingratiation and access” that may have been deplorable but was arguably legal. They ignore that the district court said in open court before the jury that “it’s very important to the government’s case to be able to indicate there wasn’t any disclosure” of Dimora’s political patronage. They ignore that the prosecutor also understood how important the ethics reports were. The prosecution fought tooth and nail, in sidebar and outside of the jury’s presence, to keep these ethics reports out of evidence. Dimora tried to introduce or reference these reports at least four times — during motions prior to trial, before opening arguments, during his case, and at the close of the defense. Dimora argued correctly that the reports were not hearsay and relevant to Dimora’s subjective intent. The district court rejected Dimora’s correct arguments each time, relying on the prosecutor’s incorrect arguments that the reports were either irrelevant, hearsay, or too prejudicial to the government’s now-overwhelming case. They ignore that the district court improperly prevented Dimora from following through on his promise to show the jury the fact that he disclosed to the public gifts from a number of the “payors.” These facts do not suggest a harmless error, but rather an error that could well have influenced the jury’s view of the case.
To what extent the reports would have influenced the jury, I cannot and need not know. As appellate judges, we are not qualified to stack inference on inference for a jury. It is our job to preserve trial by jury and leave such subjective conclusions to the jury. This is precisely why we must lean on harmless error only if we are “sure the error did not influence the jury, or had but very slight effect.” Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Until then, we “will presume that the district court’s error was reversible.” United States v. Haywood, 280 F.3d 715, 724 (6th Cir.2002). We should not lift the presumption in this case where an individual is otherwise going to prison for 28 years under the Sentencing Guidelines for a nonviolent crime based purely on how a jury of twelve may assess the question of his subjective intent.