NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0987n.06

Nos. 12-3726 and 12-3746

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 18, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT COURT |
| | ) | FOR THE NORTHERN DISTRICT |
| v. | ) | OF OHIO |
| | ) | |
| KENNETH A.WHITE, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS and DONALD, Circuit Judges, and STAMP, District Judge.[*]

**FREDERICK P. STAMP, JR., Senior District Judge.** The government filed two separate indictments against the defendant, Kenneth White. The district court consolidated these two indictments into one jury trial. At trial, the jury convicted White on all charges of the two indictments. White appeals his conviction, arguing that the district court (1) erred when it failed to sever the charge of failure to appear from the other charges of his indictment; (2) erred by admitting evidence of his flight; (3) erred by admitting other act evidence under Rule 404(b); and (4) erroneously instructed the jury on issues of Rule 404(b) evidence and flight.

For the reasons set forth below, we affirm the rulings of the district court.

**I. Background**

---

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

A grand jury indicted White on charges of making false statements in loan applications. Thereafter, the government filed a superseding indictment. The superseding indictment charged White with three counts of making false statements in loan applications in violation of 18 U.S.C. § 1014, and one count of failing to appear in violation of 18 U.S.C. § 3146(a)(1). The failure to appear charge resulted from White's absence from a bond revocation hearing prior to trial. A warrant was issued for his arrest after the hearing, and when a police officer attempted to arrest White based on this warrant, White allegedly fled from the officer.

Thereafter White was indicted on further charges. In this second indictment, White was charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, three counts of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 1342, and one count of bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 1342. White pleaded not guilty to all charges.

The two separate cases were then joined for trial upon White's motion for joinder. White's motion also requested, however, that the count charging him with failing to appear be severed from all other charges. In support of this request, White argued that the failure to appear charge was not of the same character as the underlying fraud charges and that trying it with other charges would give rise to prejudicial inferences that he did not attend the bail revocation hearing due to consciousness of guilt. The district court denied White's request to sever the charge, finding that it was sufficiently connected to the other alleged offenses to permit a single trial because evidence of White's failure to appear for the bond revocation hearing would be admissible independently as consciousness of guilt.

2

The relevant determinations, facts, and testimony are more fully set out in the analysis of the errors that White alleges.

Subject matter jurisdiction in this action was conferred upon the district court by 18 U.S.C. § 3231. This Court has jurisdiction to hear this appeal as of right pursuant to 28 U.S.C. § 1291, which authorizes an appeal from a final order by a district court.

## II. Analysis

### A. Severance

White first challenges the district court's denial of his motion for joinder and severance insofar as it sought the severance of the failure to appear charge from all other charges contained in his two indictments. We review a district court's decisions regarding motions for severance for abuse of discretion. *United States v. Smith*, 197 F.3d 225, 230 (6th Cir. 1999).

Federal Rules of Criminal Procedure 8(a) and 14 govern joinder and severance of offenses. Under Rule 8(a), charges may be joined where they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8 (a). Rule 14, however, provides that even if the requirements of Rule 8(a) are met, a court may order separate trials if the "joinder of offenses . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

Initially, we note that "[i]t is well established that a charge of escape or bail jumping and the underlying substantive offense are sufficiently connected to permit joinder under Fed.R.Crim.P. ("Rule") 8(a)." *United States v. Turner*, 134 F. App'x 17, 22 (6th Cir. 2005) (citations omitted). Therefore, the only issue is whether White established that the joinder of the failure to appear charge

3

with all other charges would prejudice him. "To establish an abuse of discretion requires a strong showing of prejudice." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (internal quotations and citation omitted). Ultimately, White must show that the denial of his motion for severance affected his substantial rights. *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002).

White argues that the district court abused its discretion by denying his motion to sever. He claims that the limiting instruction that was given to the jury concerning the evidence relating to his failure to appear charge was not sufficient to alleviate the prejudice resulting from its joinder with the other charges. According to White, no guidance was given regarding the charges to which the limiting instruction was to apply. At trial, however, White did not object to the instruction. Additionally, White has not shown how the district court's denial of his motion for severance affected his substantial rights. "[A] jury is presumed capable of considering each count separately." *Cope*, 312 F.3d at 781 (citations omitted). Consequently, White's conclusory statement that the joinder of all charges prejudiced him because the jury instruction was not sufficiently limited does not establish that any of his substantial rights were affected by the inclusion of the failure to appear charge.

**B.     Admission of Evidence of Flight**

White next challenges the district court's admission of evidence concerning his flight. We "review a district court's determination regarding the admissibility of evidence of flight for abuse of discretion." *United States v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007) (citing *United States v. Dillon*, 870 F.2d 1125 (6th Cir. 1989)).

4

Generally, "[f]light evidence comes in as an admission of guilt by conduct." *United States v. Oliver*, 397 F.3d 369, 376 (6th Cir. 2005) (quoting *Dillon*, 870 F.2d at 1126). Many courts, however, have doubted the probative value of particular flight evidence in criminal trials. *Id.* (citation omitted). This circuit has decided to use a four-step analysis to determine whether evidence of flight is significantly probative and thus admissible. *Atchley*, 474 F.3d at 853.

> Under this analysis, the probative value of flight evidence depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of crime charged.

*Id.* (internal quotations and citations omitted).

"As to the first inference, there must be evidence that there was flight by the defendant." *Oliver*, 397 F.3d at 376 (citation omitted). There is sufficient evidence of flight by White in this case. First, White's probation officer testified as to White's failure to appear for a hearing on his bond revocation. The probation officer also testified regarding the issues with White's in-home monitoring device on the day of that hearing, which indicated tampering with or removal of that device. Further, the arresting police officer testified that during a traffic stop eight months after White's failure to appear, White attempted to flee on foot from the police officer to avoid arrest.

As to the second and third inferences, White fled after being initially indicted. Thus, he fled after becoming aware that the government charged him with a crime and being informed of the crimes charged. While he did not flee immediately after being indicted, "the mental crisis that precipitates flight may fail to occur immediately after the crime, only to erupt much later, when the defendant learns that he or she is charged with the crime and sought for it." *Dillon*, 870 F.2d at

5

1128. Thus, we find that White's initial failure to appear at his bond revocation hearing and his additional flight from the police officer during the traffic stop several months later support these inferences.

As to the fourth inference, there is sufficient evidence to connect White's consciousness of guilt to his actual guilt on the charges. Such evidence includes the testimony of Douglas Punchak concerning loan applications compiled by White and the false statements that were contained within these applications. This evidence supports the inference that White's consciousness of guilt about the charges derived from his having committed the violations.

White argues that the court's admission of the flight evidence was in error due to the eight months that elapsed between his flight and the date of the alleged failure to appear. White contends that this length of time undermines any reasonable inference of his consciousness of guilt. This argument is without merit. As this circuit has stated, "[w]here it is clear the defendant is aware of the charges against him, the immediacy factor is not required to show consciousness of guilt." *Oliver*, 397 F.3d at 377. White fled after he was initially indicted and after he had made appearances regarding this initial indictment. Therefore, White cannot say that he was not aware of charges being brought against him. Thus, the district court did not abuse its discretion in permitting evidence of White's flight to be introduced at trial.

## C.     Other Acts Evidence

White further challenges the district court's admission of certain evidence whose admissibility is governed by Federal Rule of Evidence 404(b). This Court reviews a district court's rulings on FRE 404(b) evidence, like a district court's other evidentiary rulings, for abuse of

discretion. *United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010) (citing *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002).[1] "Generally, an abuse of discretion is evident when a reviewing court is firmly convinced that a mistake has been made. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *Ross v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004)).

Under FRE 404(b), the government may "introduce evidence of other crimes, wrongs, or acts committed by the defendant so long as the evidence is not used merely to show propensity and if it bears upon a relevant issue in the case." *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (internal quotation marks and citation omitted). FRE 404(b) lists the following non-exhaustive list of proper purposes: "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

---

[1]Although a more recent decision by this Court, *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012), applied a three-tiered standard of review to a district court's rulings on FRE 404(b) evidence, *Allen* explained that *Haywood*, 280 F.3d at 720, "repudiated the three-tiered standard of review for Rule 404(b) determinations" because "abuse of discretion is the proper standard of review for a district court's evidentiary rulings." 619 F.3d at 524 n.2 (internal quotation marks and citations omitted). In fact, in *Clay*, the dissent cited *Allen*, *Haywood*, and other cases for the proposition that, despite a "longstanding intra-circuit conflict regarding the appropriate standard of review for evidentiary decisions under Rule 404(b), the correct standard . . . is the deferential one that we apply to every other evidentiary ruling." *Clay*, 667 F.3d at 703 (Kethledge, J., dissenting); *see also United States v. Love*, 254 F. App'x 511, 514 (6th Cir. 2007) ("[T]o the extent that cases after *Haywood* . . . apply the three-tiered standard of review, they are errant because when a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case." (internal quotation marks and citation omitted)). As *Allen* was decided and published nearly two years prior to *Clay*–and *Haywood*, a decade before *Clay*–we are bound by the abuse of discretion standard that it articulated.

7

White specifically challenges the district court's admission of evidence that he previously used the fictitious name "El Mundo 2000" to secure financing for certain vehicles that led to a conviction on charges of bank fraud in 2001.[2] White had indicated on the financing applications that he was the Chief Executive Officer of El Mundo and had produced false pay stubs to establish this as well. This same name was again used on a loan application involved in White's 2012 convictions. Therefore, the government sought to introduce evidence from the 2001 conviction during White's 2012 trial in order to show White's intent, knowledge, absence of mistake, and modus operandi.

> Prior to admitting Rule 404(b) evidence, the district court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied by Rule 403.

*Allen*, 619 F.3d at 523 (6th Cir. 2010) (citing *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001)).

Based on a review of White's brief, he does not seem to dispute the district court's determination that sufficient evidence established that White used the name "El Mundo 2000" on a previous loan application involved in his 2001 conviction. The investigating agent involved in the 2001 conviction testified that White identified himself as the president or corporate officer for

---

[2]We note that White also alleges that the district court erred in introducing evidence of his flight as improper Rule 404(b) evidence. White, however, fails to provide any argument as to why such evidence is inadmissable Rule 404(b) evidence, and we are unable to determine how such evidence could be construed as such.

"elmundo2000.com" in order to secure financing for the vehicles that were involved in his conviction for bank fraud in 2001.   Accordingly, we find no abuse of discretion in the district court's conclusion that "sufficient evidence exists that the prior act occurred."  *Id.*

The district court next had to determine whether the evidence was admissible for a proper FRE 404(b) purpose.  To prove a violation of 18 U.S.C. § 1014 for making false statements in loan applications, the prosecution must establish that a defendant "knowingly" made the false statements. *See* 18 U.S.C. § 1014.  White argued that he had nothing to do with the preparation and distribution of the financial documents involved in this case.  Thus, he put his knowledge of any false statements at issue.  Under FRE 404(b), evidence of prior bad acts may be admitted to establish knowledge and the district court did not abuse its discretion in admitting the evidence for that purpose.  The evidence that White used "El Mundo 2000" as his employer on prior financing applications and that such a name was again used on financing applications involved in the 2012 case is probative of White's knowledge of the false statements concerning "El Mundo 2000."  Additionally, the district court provided an instruction prior to the admission of this evidence that explained to the jury that one of the limited purposes for which the jury could use it was to establish knowledge.

Lastly, the district court had to apply the FRE 403 balancing test.  Under FRE 403, a court may exclude relevant evidence if its probative value is substantially outweighed by its prejudicial effect.  As stated above, the evidence of White's use of "El Mundo 2000" on prior financing applications was probative of his knowledge of the false statements concerning "El Mundo 2000" in the financing applications in this case.  The district court also minimized the prejudicial effect of the evidence by providing a jury instruction explaining the evidence's limited use prior to its

9

admission. Further, the testimony regarding this evidence was very brief and limited to the specific financing applications that eventually were used to bring charges of bank fraud against White in 2000. Based on the limiting instruction and the brevity of the testimony offered, we find that the district court did not abuse its discretion in admitting the evidence under FRE 404(b).

**D.     Jury Instructions**

Finally, White argues that the district court's jury instructions concerning flight and FRE 404(b) evidence were erroneous and prejudicial. Generally, we review challenges to jury instructions for abuse of discretion. *United States v. Kuehne*, 547 F.3d 667, 679 (6th Cir. 2008). When the defendant, however, fails to object to the jury instructions during trial, we review the jury instruction for plain error. *United States v. Aaron*, 590 F.3d 405, 408 (6th Cir. 2009).

**1.     FRE 404(b) Evidence Instructions**

White admits that he did not object to the jury instructions pertaining to Rule 404(b) evidence. Therefore, we review the Rule 404(b) evidence instruction for plain error. To establish plain error, White must show that: "(1) an error occurred in the district court; (2) the error was obvious or clear; (3) the error affected defendant's substantial rights; and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (quoting *United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001)). If the error is harmless, however, we will not reverse the conviction. *United States v. Vasquez*, 560 F.3d 461, 470 (6th Cir. 2009). An error is harmless if "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."

*United States v. Baldwin*, 418 F.3d at 575, 582 (6th Cir. 2005) (citation and quotation marks omitted).

White argues that the initial instruction pertaining to the FRE 404(b) evidence denied him due process and a fair trial as it failed to adequately guide the jury in its use of the evidence. He specifically argues that the initial instruction provided prior to the testimony that introduced the FRE 404(b) evidence was vague, confusing, failed to carefully identify a specific purpose for which the evidence was being admitted, and failed to properly caution the jury against using the evidence to draw conclusions forbidden by Rule 404(b). First, we find that the instruction was not vague or confusing, and it did not fail to properly caution the jury against using the evidence for improper purposes. The district court specifically stated that the evidence was "coming in for what we call a limited purpose, not . . . direct evidence to show that the person committed the crime here." Thus, the district court properly warned the jury that this evidence was not propensity evidence, which is prohibited by FRE 404(b).

In its limiting instruction, the district court did state that the evidence was coming in "on the issue of motive or opportunity or intent, plan, knowledge, those kinds of things." *Id.* We find that the district court erred in giving this instruction because some of those applications, specifically motive and opportunity, were not at issue in this case. *See United States v. Fraser*, 448 F.3d 833, 842 (6th Cir. 2006) (finding that motive, opportunity, and identity were not at issue in the case and that it was error for the district court to include these purposes in the limiting instruction). However, this error does not require that we reverse White's conviction.

11

As in *Fraser*, White has failed to show how the inclusion of motive and opportunity in the initial jury instruction affected his substantial rights. Usually, in order for a defendant to satisfy the substantial rights prong of plain error review, "the defendant must make a specific showing of prejudice." *Id.* White has not shown how the error prejudiced him. White argues that the jury was given "free rein" to use the evidence as it saw fit. This is incorrect, however, because the district court specifically provided the jury with a later instruction that limited the use of such evidence "to the defendant's intent and/or knowledge." Further, White has not even suggested that the jury's consideration of the Rule 404(b) evidence permitted any unfair inferences concerning his motive or opportunity, which were purposes included in the initial limiting instruction. Therefore, while the district court's inclusion of motive and opportunity in the initial Rule 404(b) jury instruction was in error, we find that the error does not require the reversal of White's conviction.

### 2. Flight Instruction

White asserts that he did object to the flight instruction and that we should therefore apply the abuse of discretion standard in reviewing these instructions. The government, however, contests this claim, stating that while White did file a motion in limine to preclude the instruction, he did not provide any citation to the record to demonstrate that he objected at trial to the instruction. Therefore, the government states that White did not properly preserve his objection for appeal. This circuit has stated that when a party does not renew an objection to an undecided motion in limine during trial, the issue is reviewed for plain error. *Atchley*, 474 F.3d at 853-54. We find, however, that it is not proper to reverse White's conviction regardless of whether the instruction is reviewed under either standard.

"When jury instructions are claimed to be erroneous, we review the instructions as a whole, in order to determine whether they adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision." *United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005). We will only reverse a judgment based on an improper jury instruction "if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999) (citation and quotation marks omitted).

The flight instruction given to the jury in this case read:

> You have heard testimony that after the crime was supposed to have been committed in this case, the defendant fled.

> If you believe the defendant fled, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may include that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes a [sic] innocent person may flee for some other reason.

As indicated above, the evidence of flight was properly admitted in this case and, therefore, providing the instruction on such evidence was proper. *See Dillon*, 870 F.2d at 1129 (holding that because the district court did not abuse its discretion in admitting evidence of flight, such a conclusion "forecloses any argument" that the district court erred in deciding to give a flight instruction). White does not object to the district court's providing an instruction concerning the flight evidence. Rather, he objects to the content of the instruction, arguing that the instruction did not indicate the charge or charges for which the jury could consider the flight evidence. We find, however, that it was not necessary for the district court to state explicitly the charges for which the jury could consider such evidence. The charges were interrelated and resulted from the same or

13

similar transactions.  Therefore, the jury was justified in applying the evidence of flight to all charges.  Because the flight instruction was proper, the instructions as a whole could not be considered confusing, misleading, or prejudicial.  Therefore, we decline to reverse White's conviction based on this argument.

### III.  Conclusion

For the foregoing reasons, we AFFIRM  White's conviction.