NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0021n.06

No. 21-5868

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES E. COX,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 11, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
KENTUCKY

OPINION

Before: SILER, COLE, and NALBANDIAN, Circuit Judges.

SILER, Circuit Judge. Defendant James E. Cox is before this court challenging the district court's admission of his supervised release violations at trial and the related limiting instruction. Cox concedes we review both claims for plain error. For the following reasons, we AFFIRM.

## I.

In 2020, a federal grand jury charged Cox in a two-count indictment with conspiracy and possession with intent to distribute 500 grams or more of a methamphetamine (meth) mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846, in the Eastern District of Kentucky. At the time of the offense, Cox was on supervised release for a prior drug trafficking and firearm conviction in North Carolina. Pursuant to the terms of his supervised release, Cox was prohibited from traveling outside the Western District of North Carolina and associating with convicted felons or those engaged in crime.

Ahead of trial, the government submitted a Notice of Evidence, indicating its intent to offer into evidence Cox's prior meth trafficking conviction and supervised release status.

The government asserted that this evidence helped counter Cox's proposed defense at trial—that he did not know that he and Bowling were transporting meth to Kentucky, and that he thought they were traveling to Kentucky to sell antiques and work on a farm. Cox responded and offered a "fair" alternative—a stipulation that he was on a form of community release and forbidden to leave a certain area, such that traveling to Kentucky was a violation of that release. The district court determined that the introduction of the prior meth conviction would be unduly prejudicial but found the supervised release violations admissible, subject to an appropriate limiting instruction.

During the trial, Cox's supervising probation officer from his prior conviction—Officer Joseph Kellerman—testified that Cox was on supervised release at the time of the offense at issue. He confirmed that Cox, pursuant to the conditions of his supervised release, was prohibited from associating with a convicted felon and traveling outside the Western District of North Carolina.

Following the government's direct examination of Kellerman, the court proposed to give a limiting instruction, which it had previously circulated to counsel. Neither party objected. The court instructed the jury as follows:

> You've heard proof that during the period at issue in the indictment, James Cox was under court supervision in North Carolina. You may consider the facts and terms of supervision in the context of other proof to the extent you find those things persuasive on the question of Cox's knowledge and intent or absence of mistake with respect to the crimes charged in the indictment.
>
> You may not treat Cox as more likely to engage in criminal activity simply because he was under court supervision in July of 2020. The reason for and circumstances of supervision are not issues for your consideration.
>
> Remember that Mr. Cox is on trial only for the charges in the indictment, not regarding his supervision status. Return a guilty verdict as to a charge only if the government proves each element beyond a reasonable doubt.

Michael Bowling, Cox's alleged coconspirator, also testified as a government witness against Cox. Bowling indicated that his relationship started with Cox due to some "bad meth,"

and he proceeded to contact Cox and told him that he was "$2900 short, and meth wasn't no good." Cox told Bowling "that wasn't what he sent. He would make it right, and that he put an ounce on each trip until I got paid off." Bowling then started dealing with Cox.

Bowling testified that he and Cox went to Georgia to pick up approximately two pounds of meth from Cox's family. Bowling said that they stopped and "picked up [Cox's] wife's vehicle, that Buick that we was caught in." Bowling indicated that both he and Cox contributed funds to purchase the meth. After picking up the meth in Georgia, they traveled to Bowling's house in Tyner, Kentucky, to "get rid of the meth." However, they were stopped and arrested in London, Kentucky.

Bowling also indicated that the vehicle they were driving "had a lot of stuff in it," including Cox's coin collection. Bowling had purchased the other items found in the vehicle, including various antiques, when they had made a stop in Tennessee—after they had already begun their trip to Kentucky. Finally, Bowling testified that he had informed Cox that he was a convicted felon.

The government also introduced testimony from several of the investigating officers involved in the underlying traffic stop. The testimony established that: 1) Bowling was the driver of the vehicle and Cox the passenger; 2) Bowling consented to a search of the vehicle but indicated that the car belonged to Cox; 3) Cox indicated that the vehicle belonged to his wife and maintained that not everything in the car belonged to him, but consented to a search of the vehicle; 4) a cigarette pack without a lid containing several Ziploc baggies of meth was found in the passenger's seat; 5) a backpack inside the car contained "probably a gallon bag full of crystal meth" and a pill bottle with Cox's name on it; 6) approximately two pounds of meth was collectively found in various compartments and containers in the vehicle, including the glove box where digital scales

were also recovered; 7) the quantity of drugs seized was consistent with distribution; and 8) a lot of "junk" was also in the car.

Cox did not present any evidence at trial. Prior to closing arguments, the court reviewed the proposed jury instructions with counsel, including the same limiting instruction regarding Cox's supervised release violations that the court previously administered. Again, neither party objected to the instruction. The court instructed the jury with the same instruction before they were discharged.

The jury returned a guilty verdict on both counts but for lesser-included offenses than those originally charged—conspiracy and possession with intent to distribute a meth mixture of less than 500 grams but at least 50 grams. The court subsequently sentenced Cox to 230 months of imprisonment.

## II.

On appeal, Cox maintains that the district court committed plain error by: 1) allowing the admission of his supervised release violations at trial, asserting that the violations are irrelevant and unfairly prejudicial; and 2) misleading the jury as to the specific purpose of the evidence in the related limiting instruction, contending that only his knowledge as to whether there was meth in the vehicle was at issue and the court erred in instructing the jury to consider the violations for the additional purposes of intent and absence of mistake. As stated, we review both of Cox's challenges for plain error, which he concedes. *United States v. Modena*, 302 F.3d 626, 630 (6th Cir. 2002). We need not decide whether the district court committed error that was plain in allowing the admission of Cox's supervised release violations at trial or instructing the jury as to the purposes for which it could consider the admission because Cox has failed to show that either alleged error affected his substantial rights. *See id.* at 632 ("An error affects the substantial rights

- 4 -

of a criminal defendant when it is prejudicial; that is, when it affects the outcome of the district court proceedings." (citation omitted) (cleaned up)).

With respect to the admission of Cox's supervised release violations, under plain error review, we examine the alleged error in the context of the record as a whole to determine whether that error is prejudicial. *See id.* "Even if a district court's admission of 404(b) evidence is erroneous, it may be that the error is harmless. Thus, when there is no objection by the defendant, and when the properly admitted evidence of the defendant's guilt is overwhelming, a reversal on 404(b) grounds is inappropriate." *United States v. Cowart*, 90 F.3d 154, 157–58 (6th Cir. 1996) (citation omitted) (cleaned up). Through the testimony of the investigating officers, the government established that: 1) Bowling and Cox were driving Cox's wife's vehicle; 2) approximately two pounds of meth was found in the vehicle; 3) meth was found in an uncovered cigarette pack in the passenger seat where Cox was sitting; 4) meth and digital scales were located in the glove box; and 5) a large amount of meth was found in a backpack in the middle of the console between the driver and passenger area, which also contained a pill bottle with Cox's name on it. Moreover, Cox's claims during opening and closing arguments that he was unaware of the meth in the vehicle and simply in Kentucky to sell antiques were further rebutted by Bowling's testimony. Because the record is replete with evidence that overwhelmingly established Cox's guilt beyond a reasonable doubt, Cox has failed to establish that the district court's alleged error in admitting his supervised release violations was prejudicial. *See Modena*, 302 F.3d at 632.

"In the context of challenges to jury instructions, plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *United States v. Newsom*, 452 F.3d 593, 605 (6th Cir. 2006) (citation omitted) (cleaned up). "Reversal is only proper if the instructions, viewed as a whole, were confusing, misleading,

or prejudicial, . . . and the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Semrau*, 693 F.3d 510, 528 (6th Cir. 2012) (quotation marks and citations omitted). As to Rule 404(b) jury instructions specifically, we have held "that, so long as the district court includes in its instructions at least *one* permissible use, reversal is not warranted, at least where the plain-error standard of review applies." *Newsom*, 452 F.3d at 607. Cox concedes that one use listed in the district court's instruction—knowledge—was at issue. *See id.* at 606–07. And in any event, Cox cannot show that any alleged error in the district court's limiting instruction resulted in a grave miscarriage of justice, as he fails to establish that the instructions, considered as a whole, failed to "adequately inform[] the jury of the relevant considerations and provide[] a basis in law for aiding the jury in reaching its decision." *United States v. White*, 543 F. App'x 563, 571 (6th Cir. 2013) (quoting *United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005)). Thus, both of Cox's challenges fail under plain error review.

AFFIRMED.